

**Your Missouri Courts**     case.net

Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print     GrantedPublicAccess Logoff STEVENAHILLEN

**1911-CC00842 - JOEL HANCOCK V GRANT WILLIAMS ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending    ○ Ascending    Display Options: [All Entries ▼]

**09/16/2019** ☐ **Return Service - Other**
Document ID - 19-SMOS-176; Served To - SRT OIL FIELD SERVICE LLC; Server - ; Served Date - 10-SEP-19; Served Time - 08:14:00; Service Type - Special Process Server; Reason Description - Served; Service Text - Served B. M., Controller.

☐ **Summons Personally Served**
Document ID - 19-SMOS-175; Served To - WILLIAMS, GRANT; Server - ; Served Date - 10-SEP-19; Served Time - 09:30:00; Service Type - Special Process Server; Reason Description - Served

☐ **Notice of Service**
Plaintiffs Memorandum of Filing of Returns of Service; Return of Service of Summons upon Grant Williams; Return of Service of Summons upon BM Controller for SRT OIL FIELD SERVICE LLC.
    **Filed By:** NATHAN ANDREW STEIMEL
    **On Behalf Of:** JOEL HANCOCK

**08/30/2019** ☐ **Summons Issued-Circuit**
Document ID: 19-SMOS-176, for SRT OIL FIELD SERVICE LLC. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

☐ **Summons Issued-Circuit**
Document ID: 19-SMOS-175, for WILLIAMS, GRANT. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

**08/29/2019** ☐ **Filing Info Sheet eFiling**
    **Filed By:** NATHAN ANDREW STEIMEL

☐ **Interrogatories Filed**
Plaintiffs Opening Request for Production to Defendant SRT Oil Field Service LLC.
    **Filed By:** NATHAN ANDREW STEIMEL
    **On Behalf Of:** JOEL HANCOCK

☐ **Interrogatories Filed**
Plaintiffs Opening Request for Production to Defendant Grant Williams.
    **Filed By:** NATHAN ANDREW STEIMEL

☐ **Interrogatories Filed**
Plaintiffs Opening Interrogatories to Defendant SRT Oil Field Service LLC.
    **Filed By:** NATHAN ANDREW STEIMEL

☐ **Interrogatories Filed**
Plaintiffs Opening Interrogatories to Defendant Grant Williams.
    **Filed By:** NATHAN ANDREW STEIMEL

☐ **Pet Filed in Circuit Ct**
Petition for Damages.

☐ **Judge Assigned**



**EXHIBIT**
**A**

Electronically Filed - St Charles Circuit Div - September 16, 2019 - 02:50 PM



**IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI**

| Judge or Division:<br>DANIEL G PELIKAN | Case Number: 1911-CC00842 | **RECEIVED** |
|---|---|---|
| Plaintiff/Petitioner:<br>JOEL HANCOCK | Plaintiff's/Petitioner's Attorney/Address:<br>NATHAN ANDREW STEIMEL<br>400 NORTH FIFTH STREET<br>SUITE 200<br>ST CHARLES, MO 63301 | SEP 09 2019<br>BY: CS |
| vs. | | |
| Defendant/Respondent:<br>GRANT WILLIAMS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to: | SRT OIL FIELD SERVICE LLC |
|---|---|
| 6 THAMES AVE<br>LAUREL, MS 39442 | Alias: |

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| _____8/30/2019_____ | ____/S/ Cheryl Crowder____ |
|---|---|
| Date | Clerk |

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to Britney McCloud (name) Controller (title).

☐ other: _____

Served at SRT 6 THAMES AVE, LAUREL, MS, 39442 (address)

in JONES County, MS (state), on 9-10-19 (date) at 08:14 AM (time).

| J. TOWNE | ____J. Towne____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

Subscribed and sworn to before me this 10 (day) Sept (month) 19 (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)

☐ authorized to administer oaths. (use for court-appointed server)

**STATE OF MISSISSIPPI<br>NOTARY PUBLIC<br>ID # 100213<br>(Seal) ROBERT H. SHOEMAKE JR.<br>Commission Expires<br>Sept. 20, 2019**

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $_____ per mile) |
| Total | $_____ |

**See the following page for directions to officer making return on service of summons.**

Electronically Filed - St Charles Circuit Div - September 16, 2019 - 02:50 PM

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



**IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI**

| Judge or Division:<br>DANIEL G PELIKAN | Case Number: 1911-CC00842 |
|---|---|
| Plaintiff/Petitioner:<br>JOEL HANCOCK | Plaintiff's/Petitioner's Attorney/Address:<br>NATHAN ANDREW STEIMEL<br>400 NORTH FIFTH STREET<br>SUITE 200<br>vs.    ST CHARLES, MO 63301 |
| Defendant/Respondent:<br>GRANT WILLIAMS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

RECEIVED

SEP 0 9 2019

BY

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to: | GRANT WILLIAMS |
|---|---|
| **1208 NORTH 3RD AVE**<br>**LAUREL, MS 39442** | Alias: |

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____8/30/2019_____    _____/S/ Cheryl Crowder_____
Date                                                        Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Sgt Bob Shoemake_ of _Jones_ County, _Mississippi_ (state).
3. I have served the above summons by: (check one)
   - ☒ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____

Served at _419 Yates Ave_ (address)
in _Laurel  Jones_ County, _MS_ (state), on _9/10/19_ (date) at _0930_ (time).

-_Bob Shoemake_                                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Subscribed and sworn to before me this _10_ (day) _Sept_ (month) _19_ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths. (use for court-appointed server)

_Polly Moree_
Signature and Title

*STATE OF MISSISSIPPI NOTARY PUBLIC*
*ID # 127616*
*(Seal)*
*BOBBY MOREE*
*Commission Expires*
*April 24, 2023*

| Service Fees | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

See the following page for directions to officer making return on service of summons.

Electronically Filed - St Charles Circuit Div - September 16, 2019 - 02:50 PM

Electronically Filed - St Charles Circuit Div - September 16, 2019 - 02:50 PM

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - St Charles Circuit Div - September 16, 2019 - 02:50 PM

**IN THE CIRCUIT COURT OF ST. CHARLES COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| JOEL HANCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| vs. | ) | Division: |
| | ) | |
| GRANT WILLIAMS, | ) | |
| | ) | |
| Defendant; | ) | |
| | ) | |
| Serve: | ) | |
| 1208 North 3rd Avenue | ) | |
| Laurel, MS 39442 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SRT OIL FIELD SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve: | ) | |
| Registered Agent Jon S. Widener | ) | |
| 6 Thames Avenue | ) | |
| Laurel, MS 39442 | ) | |

## MEMORANDUM OF FILING RETURN OF SERVICE

COMES NOW, Nathan A. Steimel, attorney for Plaintiff and hereby files Sheriff of Jones

County, Mississippi's Returns of Service in the above referenced matter.

Respectfully submitted,

Shea Kohl Law, LC

*/s/ Nathan A. Steimel*
Nathan A. Steimel
400 N. Fifth St., Ste. 200
St. Charles, MO 63301
636-946-9999  FAX: 636-946-8623
nsteimel@sheakohllaw.com



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number:  1911-CC00842 |
|---|---|
| Plaintiff/Petitioner:<br>JOEL HANCOCK | Plaintiff's/Petitioner's Attorney/Address:<br>NATHAN ANDREW STEIMEL<br>400 NORTH FIFTH STREET<br>SUITE 200<br>ST CHARLES, MO  63301 |
| vs. | |
| Defendant/Respondent:<br>GRANT WILLIAMS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   **GRANT WILLIAMS**
                            **Alias:**

**1208 NORTH 3RD AVE**
**LAUREL, MS  39442**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*ST. CHARLES COUNTY*

          8/30/2019                                     /S/ Cheryl Crowder
            Date                                                Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other: _____

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  ( _____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DANIEL G PELIKAN | Case Number:  1911-CC00842 |
| Plaintiff/Petitioner:<br>JOEL HANCOCK | Plaintiff's/Petitioner's Attorney/Address:<br>NATHAN ANDREW STEIMEL<br>400 NORTH FIFTH STREET<br>SUITE 200<br>ST CHARLES, MO  63301 |
| vs. | |
| Defendant/Respondent:<br>GRANT WILLIAMS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |
| | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

| | |
|---|---|
| The State of Missouri to:   SRT OIL FIELD SERVICE LLC<br>Alias:<br><br>6 THAMES AVE<br>LAUREL, MS  39442<br><br>*COURT SEAL OF*<br><br>*ST. CHARLES COUNTY* | You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.<br><br>_____8/30/2019_____     /S/ Cheryl Crowder_____<br>            Date                                            Clerk<br>Further Information: |

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____
   _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____                           _____
Printed Name of Sheriff or Server                                      Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                            ☐ the judge of the court of which affiant is an officer.
(Seal)                   ☐ authorized to administer oaths in the state in which the affiant served the above
                                summons. (use for out-of-state officer)
                            ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

**Service Fees**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

**1911-CC00842**

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
### STATE OF MISSOURI

| | | |
|---|---|---|
| JOEL HANCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| vs. | ) | Division: |
| | ) | |
| GRANT WILLIAMS, | ) | |
| | ) | |
| Defendant; | ) | |
| | ) | |
| Serve: | ) | |
| 1208 North 3rd Avenue | ) | |
| Laurel, MS 39442 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SRT OIL FIELD SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve: | ) | |
| Registered Agent Jon S. Widener | ) | |
| 6 Thames Avenue | ) | |
| Laurel, MS 39422 | ) | |

### PLAINTIFF JOEL HANCOCK'S OPENING INTERROGATORIES
### TO DEFENDANT GRANT WILLIAMS

COMES NOW Plaintiff and submits to Defendant Grant Williams, Mr. Williams, or "Defendant" the following interrogatories to be answered fully, in writing, under oath, and pursuant to Rule 57.01, Missouri Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

1. In answering these Interrogatories, please identify all documents in a manner sufficient to issue a subpoena duces tecum or for production pursuant to Rule 57.01, Missouri Rules of Civil Procedure.

2. The Interrogatories that follow shall be considered as continuing to the full extent set forth in Rule 57.01, Missouri Rules of Civil Procedure. Mr. Williams is requested to supplement his answers to the Interrogatories below with any additional information that Mr. Williams or any

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

person acting on his behalf may hereafter obtain that would augment or otherwise supplement his Answers now given to the Interrogatories below.

3. As used herein, the phrases "subject collision," "collision," and "accident" refer to the occurrence described in Plaintiff's Petition.

4. As used herein, the phrases "the driver" and "the subject driver" refer to the driver of the tractor-trailer referenced in Plaintiff's Petition, Grant Williams.

5. As used herein, "Plaintiff" means Joel Hancock.

6. If an Interrogatory contains subparts, please ensure that your answer accurately reflects the part of the question that is being answered.

<u>**INTERROGATORIES**</u>

1. Please state your full name, date and place of birth, social security number, commercial driver's license number and issuing state, and all addresses at which you have resided in the last five (5) years.

ANSWER:

2. If you have any insurance agreements which may indemnify you, in whole, or in part, against any judgment Plaintiff may obtain in the instant action, state the name and address of the company or companies issuing such insurance agreements, INCLUDING any excess and/or umbrella carriers, the policy numbers, and the limits of coverage on the date of the occurrence mentioned in Plaintiff's Petition. Please attach a copy of the Insurance Policies and the Declaration Pages or Certificates of Coverage of such policy of insurance to your answer to these interrogatories.

ANSWER:

3. As to each and every person whom you expect to call as an expert witness at trial, including non-retained experts, please state their full name and address, occupation and place of employment, qualifications to give an opinion and the general nature of the subject matter on which the expert is expected to testify,

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

ANSWER:

4.  If there exist photographs, videotapes, movies, or other visual reproductions with respect to the vehicles, the scene of the collision mentioned in Plaintiff's Petition, or of the Plaintiff, describe each photograph, video, or movie, state the date and by whom taken, and the name and address of the person having current custody or each.

ANSWER:

5.   State the name and present or last known addresses and employment of all persons known to you or reported to you, your agents, attorneys, or others acting on your behalf to have witnessed the occurrence mentioned in the pleadings and/or to have been present at the scene of the occurrence within 24 hours before or after the collision, and if any of the above witnesses are an acquaintance or relative, or were acting as the employee or agent of either Defendant, please so indicate,

ANSWER:

6.  If you are aware of any statement made by the Plaintiff regarding the occurrence mentioned in Plaintiff's Petition, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, state the following: date, place and time the statement was made, the names and addresses of all persons present at the time it was made and whether the statement was oral, written, shorthand, recorded, taped, etc.

ANSWER:

7.  Please state the purpose of your travel at the time of the collision in question, including your point of origin, your intended destination and all stops at any intermediate points prior to the occurrence in question, including initial departure time, and arrival times of all intermediate stops prior to the occurrence in question.

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

ANSWER:

8.   Please identify any vehicular accidents resulting in personal injury or death to any person involved in said accident, for a period of five (5) years prior to the occurrence in question which involved you. For purposes of this interrogatory, "identify" means a brief description of the accident, the exact location, the resulting injuries, date of the accident, the names and last known addresses of all persons involved or injured, and whether your driver was cited by any municipal, state or federal investigatory agency or board arising out of said accident,

ANSWER:

9.  If any claims have been made or lawsuits have been filed against you for any incident requested to be identified in interrogatory #8, state the name and last known address of each claimant or Plaintiff, the date of such claim or filing of lawsuit, the Court, style and cause number of each lawsuit and that filed disposition of each claim and lawsuit or its current status.

ANSWER:

10.  State whether you were convicted of or pleaded guilty to any violation arising out of the collision in question, and if so, state the charge(s), the name and address of the court where same occurred, the date of final disposition, and the cause number for each such plea or conviction.

ANSWER:

11.  For all educational institutions you have attended from high school forward, including technical or job training coursework, please state the name of the institution, the dates attended, and the certificate, degree or diploma awarded by each such institution.

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

ANSWER:

12.  If you have ever pleaded guilty to or been convicted of a felony or misdemeanor, state the nature of the offense, the date of the plea or conviction, and the court's location.

ANSWER:

13.  If you have been party to a lawsuit in the last five (5) years, please identify the court's location, the nature of the action, and the status of the litigation,

ANSWER:

14.  Please identify each and every citation, ticket and/or warning you have received for any moving motor vehicle violation in the past five (5) years and state for each the date of the

ANSWER:

15.  If your driver's license has ever been suspended, restricted or revoked, please state when and where, and the date of reinstatement, if any.

ANSWER:

16.  Please state the name, address, and employer of each and every person known to you or your representatives who claim to have any knowledge of the circumstances surrounding the incident in question.

ANSWER:

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

17.  With regard to the subject tractor-trailer on the day of the collision, did you have the expressed or implied consent or permission of SRT Oil Field Service, LLC to operate the tractor trailer at the time and place of the collision?

ANSWER:

18.  If you were an employee of SRT Oil Field Service, LLC at the time and place of the collision, please state the beginning and ending dates of that employment,

ANSWER:

19.  If you were suffering from any physical disability or impairment at the time of the occurrence mentioned in Plaintiff's Petition, please describe that disability or impairment.

ANSWER:

20. State whether you consumed alcoholic beverages, medication, or drugs within a twenty-four hour period prior to the collision in question, and if so, state the names and addresses of the places where said alcoholic beverages, medication, or drugs were consumed and describe the quantity and type of drinks, medication or drugs which were consumed in said period of time,

ANSWER:

21.  Did you, or did anyone else traveling with you, have a cellular telephone in the truck at the time of the collision?

ANSWER:

22.  Were you suspended, disciplined or fired by SRT Oil Field Service, LLC as a result of the collision in question?

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

ANSWER:

23.  If you sustained injuries in the collision, please briefly describe those injuries, state the names and addresses of the health care professionals who treated you and the dates you received treatment.

ANSWER:

24.  For each statement you provided regarding the events described in Plaintiff's Petition, other than those obtained by your attorney, please state the date, custodian, method of recording, and content of each.

ANSWER:

25.  If you claim that any person or entity was at fault, in whole or in part, for the collision or for the damages sustained by Plaintiff, please state the name and address of each such person or entity and each act or failure to act by such person or entity which you claim contributed to cause the collision and/or damages.

ANSWER:

Respectfully submitted,

Shea Kohl Law, LC

/s/ Nathan A. Steimel
Nathan A. Steimel
400 N. Fifth St., Ste. 200
St. Charles, MO 63301
636-946-9999  FAX: 636-946-8623
nsteimel@sheakohllaw.com

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

**1911-CC00842**

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

JOEL HANCOCK,                                )
                                             )
Plaintiff,                                   )          Cause No.:
                                             )
vs.                                          )          Division:
                                             )
GRANT WILLIAMS,                              )
                                             )
Defendant;                                   )
                                             )
Serve:                                       )
1208 North 3rd Avenue                        )
Laurel, MS 39442                             )
                                             )
and                                          )
                                             )
SRT OIL FIELD SERVICE, LLC,                  )
                                             )
Defendant.                                   )
                                             )
Serve:                                       )
Registered Agent Jon S. Widener              )
6 Thames Avenue                              )
Laurel, MS 39422                             )

### PLAINTIFF JOEL HANCOCK'S OPENING INTERROGATORIES TO
### DEFENDANT SRT OIL FIEL SERVICE, LLC

COMES NOW Plaintiff, by and through their attorneys of record, and propound the
following interrogatories to SRT Oil Field Service, LLC to be answered fully, in writing,
under oath and pursuant to Rule 57.01, Missouri Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

1. In answering these Interrogatories, please identify all documents referred to in a manner
sufficient for a subpoena duces tecum or for production pursuant to Rule 57.01, Missouri Rules
of Civil Procedure.

2. The Interrogatories which follow are to be considered as continuing to the full extent set
forth in [Rule: e.g., Missouri Rule 57.01] and SRT Oil Field Service, LLC is requested to
provide, by way of supplementary answers hereto, such additional information SRT Oil Field

Service, LLC or any other person acting on defendant's behalf, may hereafter obtain and which will augment or otherwise supplement defendant's Answers now given to the Interrogatories below.

3. As used herein, the term "defendant" includes SRT Oil Field Service, LLC, its owners, shareholders, officers, managers, agents, representatives, directors, members, servants and employees.

4. As used herein, the phrases "the subject collision" and "the collision" refer to the occurrence described in Plaintiff's petition.

5. As used herein, the phrases "the driver" and "the subject driver" refer to the driver of the tractor-trailer referenced in Plaintiff's petition, Grant Williams.

6. As used herein, "Plaintiff" means Plaintiff [Joel Hancock].

If an Interrogatory contains sub-parts, please ensure that your answer accurately reflects which part is being answered.

## INTERROGATORIES

1.  Please identify all persons responding to or assisting in the responses to these interrogatories, giving full name, residence, employer, business address, occupation, and whether the person(s) answering these interrogatories has made a due and diligent search of all documents containing information which are the subject of these interrogatories.

ANSWER:


2.  With regard to SRT Oil Field Service, LLC please state its full and correct legal name.

ANSWER:


3.  If you have any insurance agreements which may indemnify you, in whole, or in part, against any judgment plaintiff may obtain in the instant action, state the name and address of the company or companies issuing such insurance agreements, INCLUDING any excess and/or umbrella carriers, the policy numbers, and the limits of coverage on the date of the

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

occurrence mentioned in Plaintiff's petition. Please attach a copy of the Insurance Policies and the Declaration Pages or Certificates of Coverage of such policy of insurance to your answer to these interrogatories.

ANSWER:


4.   Please state the name, address, and employer of each and every person known to you or your representatives who claim to have any knowledge of the circumstances surrounding the incident in question.

ANSWER:


5.   As to each and every person whom you expect to call as an expert witness at trial, including non-retained experts, please state their full name and address, occupation and place of employment, qualifications to give an opinion and the general nature of the subject matter on which the expert is expected to testify,

ANSWER:


6.   If there exist photographs, videotapes, movies, or other visual reproductions with respect to the vehicles, the scene of the collision mentioned in Plaintiff's petition, or of the plaintiff's, describe each photograph, video, or movie, state the date and by whom taken, and the name and address of the person having current custody or each.

ANSWER:

7.   State the name and present or last known addresses and employment of all persons known to you or reported to you, your agents, attorneys, or others acting on your behalf to have witnessed the occurrence mentioned in the pleadings and/or to have been present at the scene of the occurrence within 24 hours before or after the collision, and if any of the above witnesses are an acquaintance or relative, or were acting as the employee or agent of either defendant, please so indicate.

ANSWER:


8.   If SRT Oil Field Service, LLC records or keeps records of calls and/or communications made to and/or from its employees or agents, identify all evidence and recordings of such communications between SRT Oil Field Service, LLC and the driver and/or occupants of the subject tractor-trailer on the date of the collision, and for the six (6) months prior, and identify the location of said recordings or records, and the name of the person who has custody of them.

ANSWER:


9.   If you are aware of any statement made by the plaintiff regarding the occurrence mentioned in Plaintiff's petition, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, state the following: date, place and time the statement was made, the names and addresses of all persons present at the time it was made and whether the statement was oral, written, shorthand, recorded, taped, etc.

ANSWER:

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

10.   Please state the purpose of the driver's travel at the time of the collision in question, including his point of origin, his intended destination and all stops at any intermediate points prior to the occurrence in question, including initial departure time, and arrival times of all intermediate stops prior to the occurrence in question.

ANSWER:

11.   In regard to the load in subject trailer on the day of the collision, please state who loaded it, the time the loading began, with precisely what it was loaded, how much it weighed, how the load was packaged and secured, the exact location(s) at which it was loaded, and the name, address and employment of all individuals who participated in the loading.

ANSWER:

12.   Please specify all known traffic violations, tickets, citations, warnings, reprimands and disciplinary action pertaining to the driver of the tractor-trailer at any time within five (5) years prior to the collision.

ANSWER:

13.   Please identify any vehicular accidents resulting in personal injury or death to any person involved in said accident, for a period of five (5) years prior to the occurrence in question which involved driver, Grant Williams. For purposes of this interrogatory, "identify" means a brief description of the accident, the exact location, the resulting injuries, date of the accident, the names and last known addresses of all persons involved or injured, and whether your driver was cited by any municipal, state or federal investigatory agency or board arising out of said accident.

ANSWER:


14.  If any claims have been made or lawsuits have been filed against you or driver for any incident requested to be identified in interrogatory 1/13, state the name and last known address of each claimant or plaintiff, the date of such claim or filing of lawsuit, the Court, style and cause number of each lawsuit and that filed disposition of each claim and lawsuit or its current status.

ANSWER:


15.  State whether defendant, a representative of defendant, or the driver was/were convicted of or pleaded guilty to any violation arising out of the collision in question, and if so, state the charge(s), the name and address of the court where same occurred, the date of final disposition, and the cause number for each such plea or conviction.

ANSWER:


16.  If SRT Oil Field Service, LLC required the driver of the subject tractor-trailer to submit to any type of blood test, breath test, or drug screen/analysis subsequent to the collision, state the date of the test(s), the time of the test(s), the results of the test(s), and the identity where the documents generated at or as a result of the test(s) are located and identify who performed the test(s).

ANSWER;


17.  If the driver of the tractor-trailer involved in the collision was suspended, disciplined or fired by defendant as a result of the collision, state the date such action was

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

taken, the person or persons who decided to take such action, and identify any documents that reflect such action,

ANSWER:


18.  Identify the training manager, safety manager, safety director, and/or safety coordinator, and identify all members of any safety committee of SRT Oil Field Service, LLC during the calendar month of the subject collision.

ANSWER:


19.  Identify any materials, information, manuals, books, booklets or documents SRT Oil Field Service, LLC gave to or provided for the driver of the tractor-trailer involved in the collision regarding the safe operation of a tractor-trailer rig.

ANSWER:


20.  Identify any training and education program or classes, meetings or gatherings held by or at the direction of SRT Oil Field Service, LLC which addressed, in whole or in part, the safe operation of a tractor-trailer rig and which were attended by the driver from the time of hire until the time of the collision.

ANSWER:


21.  Describe in detail the method of calculating the pay, compensation, wages, salary, bonus, or commission of the driver of the tractor-trailer involved in the collision during the calendar year which included the date of the collision.

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

ANSWER:


22.  In regard to the tractor and trailer involved in the collision, please state the name and address of the owner, the make, year, model, and registration number of each, the gross weight of the tractor-trailer after the trailer was loaded on the day of the collision, if applicable, and the empty weight of the tractor-trailer before it was loaded on the day of the collision.

ANSWER:


23.  Identify all citations, moving and non-moving violations issued by the Department of Transportation or any other governmental agency referencing or addressing the subject tractor and/or trailer within two years of the collision in question.

ANSWER:


24.  If the subject tractor-trailer was equipped with a position tracking or communication device, please identify 'the device and the custodian of data obtained or transmitted by the device for a period of six (6) months prior to and including the day of the collision.

ANSWER:


25.  If the subject tractor-trailer was equipped with a mechanical device that measured any of the following information: the vehicle speed, location, engine RPM, braking, hours driven, miles driven or time at rest, ,state a description and manufacturer of the device, when and by whom installed, who had authority and/or ability to adjust and/or download the subject

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

device, the location of the printouts or readings from the subject device relating to the date of the subject incident and the six (6) months preceding the incident.

ANSWER:

26.  If the subject tractor-trailer had a "governor" or speed control system, please state who manufactured it, when it was installed, who installed it and the maximum speed permitted by that device.

ANSWER:

27.  Please provide a copy of the accident register and the information contained therein as maintained by defendant pursuant to 49 CFR Section 390.15,

ANSWER:

28.  If you claim any person or entity was at fault, in whole or in part, for the collision or for the damages sustained by Plaintiff, state the name and address of each such person or entity and each act or failure to act by such person or entity which you claim contributed to cause the collision and/or damages.

ANSWER:

29. State the name and address of any and all dispatchers employed by SRT Oil Field Service, LLC that dispatched driver at any time, for any purpose in the thirty (30) days prior to the collision.

ANSWER:

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

30.  With regard to the driver, was he an employee of you at the time and place of the occurrence and was he operating in the course and scope of his employment, in the interest of, or with or for the benefit of you at the time and place of the occurrence, and if so, please identify his immediate supervisor at the time of the occurrence and for the period of six months prior to the occurrence.

ANSWER:

Respectfully submitted,

Shea Kohl Law, LC

*/s/ Nathan A. Steimel*
Nathan A. Steimel
400 N. Fifth St., Ste. 200
St. Charles, MO 63301
636-946-9999  FAX: 636-946-8623
nsteimel@sheakohllaw.com

**1911-CC00842**

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

### IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
### STATE OF MISSOURI

| | | |
|---|---|---|
| JOEL HANCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| vs. | ) | Division: |
| | ) | |
| GRANT WILLIAMS, | ) | |
| | ) | |
| Defendant; | ) | |
| | ) | |
| Serve: | ) | |
| 1208 North 3rd Avenue | ) | |
| Laurel, MS 39442 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SRT OIL FIELD SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve: | ) | |
| Registered Agent Jon S. Widener | ) | |
| 6 Thames Avenue | ) | |
| Laurel, MS 39422 | ) | |

### PLAINTIFF JOEL HANCOCK'S FIRST REQUEST FOR PRODUCTION
### OF DOCUMENTS DIRECTED TO DEFENDANT GRANT WILLIAMS

COME NOW Plaintiff, by and through his attorneys and propound the following Request for Production of Documents to Defendant Grant Williams as required by Missouri Supreme Court Rule 56.01 and Rule 58.01.

### INSTRUCTIONS

1.      If you contend you are entitled to withhold production of any document requested to be produced on the basis of attorney-client privilege; the work product doctrine; or any other grounds, then with respect to each document:

   a.   Describe the nature and subject matter of the document;

   b.   State the date of the document;

   c.   Identify the author(s) of the document;

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

d.  Identify the individual(s) who received the original and any copy of the document;

e.  State the basis upon which you contend you are entitled to withhold production of the document.

## DEFINITIONS

1. "Mr." "driver," "you," or "your" mean Defendant Grant Williams in addition to each and every person acting or purporting to act on behalf of Grant Williams.

2. The "Company," means Defendant SRT Oil Field Service, LLC and any person or entity acting or purporting to act on behalf of Defendant SRT Oil Field Service, LLC.

3. "Plaintiff" means Plaintiff Joel Hancock.

4. "Person" as used herein shall refer to any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

5. "Petition" refers to the Petition filed by Plaintiff.

6. The term "document" means any letter, pamphlet, memoranda, telegram, telex, cable, report, record, computer data, email, summary, contract, agreement, minute entry, note, diary, forecast, appraisal, wording paper, chart paper, financial document, check, check stub, mail receipt, invoice, picture, film, tape recording, transcript, photograph, drafting, or any other graphic, symbolic, recorded or transcribed matter or facsimile thereof of any nature whatsoever, however produced or reproduced.

7. The terms "communicate" or "communicates" mean any act or instance whereby messages, facts, opinions, data, or any other information are transmitted orally, digitally, visually, in writing, electronically, or by any other means or media from one or more persons to one or more persons.

## REQUESTS FOR PRODUCTION

1.      A photocopy of your driver's license for each state in which you are licensed.


RESPONSE:


2.      **Accident Reports**.  All reports made to, by, or on behalf of any governmental agency, police, or law enforcement official regarding the motor vehicle accident referred to in Plaintiff's Petition including any entry on an accident register.

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

RESPONSE:


3.      **Information About the Plaintiff's Family**. All documents, photographs, videos or other data or information that purport to depict or contain information about any member of the Plaintiff family.

RESPONSE:


4.      **Photographs**.  All photographs, videotapes, movies, or other visual reproductions of the scene of the motor vehicle accident referred to in Plaintiff's Petition, the vehicles involved in the motor vehicle accident and/or of Plaintiff.

RESPONSE:


5.      **Audiotapes**.  All audiotapes or recordings of calls made to 911, or to other emergency responders, or to SRT Oil Field Service, LLC, or their representatives, on the date of the collision, which were related to you, your truck, your co-driver, or the collision.

RESPONSE:


6.      **Drawings**.  All drawings, graphs, charts, and diagrams of the scene of the collision referred to in Plaintiff's Petition.

RESPONSE:


7.      **Immediate Investigations**.  All photographs, notes, measurements and data collected within the five (5) days after the Subject Collision.

RESPONSE:

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

8.      **Expert Opinion Information**.  Any and all notes, recordings, photographs and information gathered by or provided to your experts and relied on in their opinions.

RESPONSE:

9.      **Insurance**.  A copy of the insurance policy, Declaration Page or Certificate of Coverage for any and all insurance agreements which may indemnify SRT Oil Field Service, LLC and/or you in whole or in part for any judgment Plaintiff may obtain in the instant action, including those for any excess and/or umbrella coverage

RESPONSE:

10.     **Interrogatories**. All documents identified in response to any of Plaintiff's Opening Interrogatories directed to you.

RESPONSE:

11.     **Inspections**. All records of any inspection you conducted of the tractor driven by you for the date of the collision and the twelve (12) months prior.

RESPONSE:

12.     **Diaries or Logs of Grant Williams**.  Any diaries or logs kept by you or created on your behalf regarding the trip during which the collision occurred, and during your employment or training with defendant SRT Oil Field Service, LLC during the six (6) months preceding the collision, including records of duty status or your daily logs and any summaries.

RESPONSE:

13.     **Trip Reports**.  All trip reports, including all daily log summaries, for you at any time during the 30 days preceding the collision.

RESPONSE:

14. **Purchase Records**. All credit card receipts or other records reflecting any type of purchase by you made while performing duties and/ or training for SRT Oil Field Service, LLC at any time during the 30 days preceding the collision.

RESPONSE:

15. **Fuel Receipts**. All fuel receipts and any other records of fuel purchased by you at any time during the 30 days preceding the collision.

RESPONSE:

16. **Travel Documents**.  All receipts or documents obtained by you (or relating to work performed by you), including receipts for meals, motels, lodging, weight tickets, permits, maintenance, repair or tolls at any time during the 30 days preceding the collision.

RESPONSE:

17. **Cellular Phone Records**.  All documents that evidence cellular phone calls made by or received by you for the period of 30 days preceding the collision and 24 hours following the collision, including but not limited to, phone bills, statements, and/or phone logs.

RESPONSE:

18. **Written Agreements**.  All written agreements or arrangements between you and SRT Oil Field Service, LLC concerning the use of the tractor-trailer unit being operated by you at the time of the collision referred to in Plaintiff's Petition, and all written agreements between you and SRT Oil Field Service, LLC concerning your employment or training with SRT Oil Field Service, LLC

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

RESPONSE:

19.  **Driver Training School**.  All records relating to your attendance in any driver training school conducted by SRT Oil Field Service, LLC or by any other entity.

RESPONSE:

20.  **Training Documents**.  All driver manuals, driver training materials, driver safety materials, guidelines, policies, procedures, rules or regulations, including but not limited to all documents, sign-in sheets or other records of attendance, photographs, slides, computer programs, motion pictures or videotapes, provided or made available to you by SRT Oil Field Service, LLC from the time of your hire until the time of the collision.

RESPONSE:

21.  **Documentation of Evaluation**. All documents, emails, correspondence, etc. which in any way make reference to any observation, evaluation, recommendation, or concern regarding your performance during training or his ability to operate a vehicle or pass a driving test.

RESPONSE:

22.  **Collisions Accidents or Injuries**.  All documents relating to any collisions, accidents, personal injury or death which you have caused or been involved with, including all reports by you to any trucking company of any such accident, for the period of five (5) years prior to the occurrence in question.

RESPONSE:

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

23.    **Notes or Memoranda of Conversations**.  All notes, memoranda, reports or other recording or reporting of any conversation between you and any representative of SRT Oil Field Service, LLC relating to the subject crash which occurred outside the presence of your attorney,

RESPONSE:

24.    **Notes or Memoranda of Facts**.  All diaries, notes, memoranda or other writings, not prepared at the direction of counsel, memorializing any facts relating to the collision, the events leading up to the collision, the events which followed the collision, and/or any other matters set forth in Plaintiff's Petition.

**Respectfully submitted,**

**Shea Kohl Law, LC**


*/s/ Nathan A. Steimel*
Nathan A. Steimel
400 N. Fifth St., Ste. 200
St. Charles, MO 63301
636-946-9999  FAX: 636-946-8623
nsteimel@sheakohllaw.com

**1911-CC00842**

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| JOEL HANCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| vs. | ) | Division: |
| | ) | |
| GRANT WILLIAMS, | ) | |
| | ) | |
| Defendant; | ) | |
| | ) | |
| Serve: | ) | |
| 1208 North 3rd Avenue | ) | |
| Laurel, MS 39442 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SRT OIL FIELD SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve: | ) | |
| Registered Agent Jon S. Widener | ) | |
| 6 Thames Avenue | ) | |
| Laurel, MS 39422 | ) | |

### PLAINTIFF JOEL HANCOCK'S OPENING INTERROGATORIES TO
### DEFENDANT SRT OIL FIEL SERVICE, LLC

COMES NOW Plaintiff, by and through their attorneys of record, and propound the following interrogatories to SRT Oil Field Service, LLC to be answered fully, in writing, under oath and pursuant to Rule 57.01, Missouri Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

1. In answering these Interrogatories, please identify all documents referred to in a manner sufficient for a subpoena duces tecum or for production pursuant to Rule 57.01, Missouri Rules of Civil Procedure.

2. The Interrogatories which follow are to be considered as continuing to the full extent set forth in [Rule: e.g., Missouri Rule 57.01] and SRT Oil Field Service, LLC is requested to provide, by way of supplementary answers hereto, such additional information SRT Oil Field

Service, LLC or any other person acting on defendant's behalf, may hereafter obtain and which will augment or otherwise supplement defendant's Answers now given to the Interrogatories below.

3. As used herein, the term "defendant" includes SRT Oil Field Service, LLC, its owners, shareholders, officers, managers, agents, representatives, directors, members, servants and employees.

4. As used herein, the phrases "the subject collision" and "the collision" refer to the occurrence described in Plaintiff's petition.

5. As used herein, the phrases "the driver" and "the subject driver" refer to the driver of the tractor-trailer referenced in Plaintiff's petition, Grant Williams.

6. As used herein, "Plaintiff" means Plaintiff [Joel Hancock].

If an Interrogatory contains sub-parts, please ensure that your answer accurately reflects which part is being answered.

## INTERROGATORIES

1.  Please identify all persons responding to or assisting in the responses to these interrogatories, giving full name, residence, employer, business address, occupation, and whether the person(s) answering these interrogatories has made a due and diligent search of all documents containing information which are the subject of these interrogatories.

ANSWER:


2.  With regard to SRT Oil Field Service, LLC please state its full and correct legal name.

ANSWER:


3.  If you have any insurance agreements which may indemnify you, in whole, or in part, against any judgment plaintiff may obtain in the instant action, state the name and address of the company or companies issuing such insurance agreements, INCLUDING any excess and/or umbrella carriers, the policy numbers, and the limits of coverage on the date of the

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:58 PM

occurrence mentioned in Plaintiff's petition. Please attach a copy of the Insurance Policies and the Declaration Pages or Certificates of Coverage of such policy of insurance to your answer to these interrogatories.

ANSWER:


4.  Please state the name, address, and employer of each and every person known to you or your representatives who claim to have any knowledge of the circumstances surrounding the incident in question.

ANSWER:


5.  As to each and every person whom you expect to call as an expert witness at trial, including non-retained experts, please state their full name and address, occupation and place of employment, qualifications to give an opinion and the general nature of the subject matter on which the expert is expected to testify,

ANSWER:


6.  If there exist photographs, videotapes, movies, or other visual reproductions with respect to the vehicles, the scene of the collision mentioned in Plaintiff's petition, or of the plaintiff's, describe each photograph, video, or movie, state the date and by whom taken, and the name and address of the person having current custody or each.

ANSWER:

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

7.  State the name and present or last known addresses and employment of all persons known to you or reported to you, your agents, attorneys, or others acting on your behalf to have witnessed the occurrence mentioned in the pleadings and/or to have been present at the scene of the occurrence within 24 hours before or after the collision, and if any of the above witnesses are an acquaintance or relative, or were acting as the employee or agent of either defendant, please so indicate.

ANSWER:


8.  If SRT Oil Field Service, LLC records or keeps records of calls and/or communications made to and/or from its employees or agents, identify all evidence and recordings of such communications between SRT Oil Field Service, LLC and the driver and/or occupants of the subject tractor-trailer on the date of the collision, and for the six (6) months prior, and identify the location of said recordings or records, and the name of the person who has custody of them.

ANSWER:


9.  If you are aware of any statement made by the plaintiff regarding the occurrence mentioned in Plaintiff's petition, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, state the following: date, place and time the statement was made, the names and addresses of all persons present at the time it was made and whether the statement was oral, written, shorthand, recorded, taped, etc.

ANSWER:

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

10.  Please state the purpose of the driver's travel at the time of the collision in question, including his point of origin, his intended destination and all stops at any intermediate points prior to the occurrence in question, including initial departure time, and arrival times of all intermediate stops prior to the occurrence in question.

ANSWER:


11.  In regard to the load in subject trailer on the day of the collision, please state who loaded it, the time the loading began, with precisely what it was loaded, how much it weighed, how the load was packaged and secured, the exact location(s) at which it was loaded, and the name, address and employment of all individuals who participated in the loading.

ANSWER:


12.  Please specify all known traffic violations, tickets, citations, warnings, reprimands and disciplinary action pertaining to the driver of the tractor-trailer at any time within five (5) years prior to the collision.

ANSWER:


13.  Please identify any vehicular accidents resulting in personal injury or death to any person involved in said accident, for a period of five (5) years prior to the occurrence in question which involved driver, Grant Williams. For purposes of this interrogatory, "identify" means a brief description of the accident, the exact location, the resulting injuries, date of the accident, the names and last known addresses of all persons involved or injured, and whether your driver was cited by any municipal, state or federal investigatory agency or board arising out of said accident.

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

ANSWER:

14.  If any claims have been made or lawsuits have been filed against you or driver for any incident requested to be identified in interrogatory 1/13, state the name and last known address of each claimant or plaintiff, the date of such claim or filing of lawsuit, the Court, style and cause number of each lawsuit and that filed disposition of each claim and lawsuit or its current status.

ANSWER:

15.  State whether defendant, a representative of defendant, or the driver was/were convicted of or pleaded guilty to any violation arising out of the collision in question, and if so, state the charge(s), the name and address of the court where same occurred, the date of final disposition, and the cause number for each such plea or conviction.

ANSWER:

16.  If SRT Oil Field Service, LLC required the driver of the subject tractor-trailer to submit to any type of blood test, breath test, or drug screen/analysis subsequent to the collision, state the date of the test(s), the time of the test(s), the results of the test(s), and the identity where the documents generated at or as a result of the test(s) are located and identify who performed the test(s).

ANSWER;

17.  If the driver of the tractor-trailer involved in the collision was suspended, disciplined or fired by defendant as a result of the collision, state the date such action was

taken, the person or persons who decided to take such action, and identify any documents that reflect such action,

ANSWER:

18.  Identify the training manager, safety manager, safety director, and/or safety coordinator, and identify all members of any safety committee of SRT Oil Field Service, LLC during the calendar month of the subject collision.

ANSWER:

19.  Identify any materials, information, manuals, books, booklets or documents SRT Oil Field Service, LLC gave to or provided for the driver of the tractor-trailer involved in the collision regarding the safe operation of a tractor-trailer rig.

ANSWER:

20.  Identify any training and education program or classes, meetings or gatherings held by or at the direction of SRT Oil Field Service, LLC which addressed, in whole or in part, the safe operation of a tractor-trailer rig and which were attended by the driver from the time of hire until the time of the collision.

ANSWER:

21.  Describe in detail the method of calculating the pay, compensation, wages, salary, bonus, or commission of the driver of the tractor-trailer involved in the collision during the calendar year which included the date of the collision.

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

ANSWER:


22.  In regard to the tractor and trailer involved in the collision, please state the name and address of the owner, the make, year, model, and registration number of each, the gross weight of the tractor-trailer after the trailer was loaded on the day of the collision, if applicable, and the empty weight of the tractor-trailer before it was loaded on the day of the collision.

ANSWER:


23.  Identify all citations, moving and non-moving violations issued by the Department of Transportation or any other governmental agency referencing or addressing the subject tractor and/or trailer within two years of the collision in question.

ANSWER:


24.  If the subject tractor-trailer was equipped with a position tracking or communication device, please identify 'the device and the custodian of data obtained or transmitted by the device for a period of six (6) months prior to and including the day of the collision.

ANSWER:


25.  If the subject tractor-trailer was equipped with a mechanical device that measured any of the following information: the vehicle speed, location, engine RPM, braking, hours driven, miles driven or time at rest, ,state a description and manufacturer of the device, when and by whom installed, who had authority and/or ability to adjust and/or download the subject

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

device, the location of the printouts or readings from the subject device relating to the date of the subject incident and the six (6) months preceding the incident.

ANSWER:

26.  If the subject tractor-trailer had a "governor" or speed control system, please state who manufactured it, when it was installed, who installed it and the maximum speed permitted by that device.

ANSWER:

27.  Please provide a copy of the accident register and the information contained therein as maintained by defendant pursuant to 49 CFR Section 390.15,

ANSWER:

28.  If you claim any person or entity was at fault, in whole or in part, for the collision or for the damages sustained by Plaintiff, state the name and address of each such person or entity and each act or failure to act by such person or entity which you claim contributed to cause the collision and/or damages.

ANSWER:

29. State the name and address of any and all dispatchers employed by SRT Oil Field Service, LLC that dispatched driver at any time, for any purpose in the thirty (30) days prior to the collision.

ANSWER:

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

30.  With regard to the driver, was he an employee of you at the time and place of the occurrence and was he operating in the course and scope of his employment, in the interest of, or with or for the benefit of you at the time and place of the occurrence, and if so, please identify his immediate supervisor at the time of the occurrence and for the period of six months prior to the occurrence.

ANSWER:

Respectfully submitted,

**Shea Kohl Law, LC**

*/s/ Nathan A. Steimel*
Nathan A. Steimel
400 N. Fifth St., Ste. 200
St. Charles, MO 63301
636-946-9999  FAX: 636-946-8623
nsteimel@sheakohllaw.com

**1911-CC00842**

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| JOEL HANCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| vs. | ) | Division: |
| | ) | |
| GRANT WILLIAMS, | ) | |
| | ) | |
| Defendant; | ) | |
| | ) | |
| Serve: | ) | |
| 1208 North 3rd Avenue | ) | |
| Laurel, MS 39442 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SRT OIL FIELD SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve: | ) | |
| Registered Agent Jon S. Widener | ) | |
| 6 Thames Avenue | ) | |
| Laurel, MS 39442 | ) | |

### PETITION FOR DAMAGES

#### Negligence and Negligence Per Se-Personal Injury of Joel Hancock

COMES NOW Plaintiff Joel Hancock and for his cause of action against Defendants

states and alleges as follows:

1.      Plaintiff Joel Hancock, is an individual and a resident of St. Charles County,

Missouri.

2.      Upon information and belief, Defendant Grant Williams is an individual and a

resident of Jones County, Mississippi.

3.      At all times material hereto, Defendant Grant Williams was the agent, servant and

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

employee of SRT OIL FIELD SERVICE, LLC and was under and subject to the control of SRT OIL FIELD SERVICE, LLC at the time of the events which form the basis of this action.

4.      Defendant SRT OIL FIELD SERVICE, LLC is vicariously liable for all damages which may be assessed against Defendant Grant Williams in this matter.

5.      Defendant SRT OIL FIELD SERVICE, LLC is a Company authorized to do business in the State of Illinois. The registered agent for service of process is:  Jon S. Widener, 6 Thames Avenue, Laurel, MS 39422.

6.      Defendant SRT OIL FIELD SERVICE, LLC at all times material hereto was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as these terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 CFR Parts 390 et seq.

7.      The Federal Regulations cited above were at all times material hereto adopted and enforced by the State of Missouri as standards and laws of the State pursuant to Section 390.201 RSMo.

8.      Venue is proper in this Court pursuant to Section 508.010(4) RSMo which provides that venue shall be in the county were Plaintiffs were first injured in the State of Missouri.

9.      On or about June 30, 2015, at approximately 12:16 p.m., Defendant Grant Williams was driving a white and red 2015 Peterbilt Motor Truck (the "subject truck") on westbound Interstate 70 in lane #2 (middle), approaching the intersection with Route K in St. Charles County, Missouri.

10.     At all times material hereto, the subject truck was owned by or leased to SRT OIL FIELD SERVICE, LLC, and SRT OIL FIELD SERVICE, LLC had the right to exclusive

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

possession, control and use of the subject tractor-trailer.

11.     At all times material hereto, the subject tractor-trailer was a "commercial motor vehicle" under 49 C.F.R. Section 390.5, and operated under the motor carrier authority of Defendant SRT OIL FIELD SERVICE, LLC At all times material hereto the subject tractor-trailer bore the placard of Defendant SRT OIL FIELD SERVICE, LLC and displayed Defendant SRT OIL FIELD SERVICE, LLC's name and operating authority numbers DOT 1648619.

12.     At all times material hereto, Defendant Grant Williams operated the subject truck with the knowledge, consent and permission of SRT OIL FIELD SERVICE, LLC.

13.     On or about June 30, 2015, at approximately 10:00 a.m., Plaintiff Joel Hancock was driving a green 2002 Mitsubishi Diamante traveling westbound Interstate 70 in Lane #3 (right lane) past the intersection with Route K in St. Charles County, Missouri.

14.     At said time and date, Randall Baxter was driving a maroon 2000 GM Sierra pickup truck traveling westbound Interstate 70 in Lane #1 (left right) past the intersection with Route K in St. Charles County, Missouri.

15.     At said time and date, the subject truck operated by Defendant Grant Williams was traveling westbound Interstate 70 in Lane #2 (middle) past the intersection with Route K in St. Charles County, Missouri.

16.     At the said time and date, the subject truck operated by Defendant Grant Williams moved from Lane #2 (middle) to Lane #3 (right).

17.     At the said time and date, the subject truck operated by Defendant Grant Williams moved from Lane #2 (middle) to Lane #3 (right) suddenly, without warning or signaling.

18.     At the said time and date, the subject truck operated by Defendant Grant Williams moved from Lane #2 (middle) to Lane #3 (right) the subject truck's right front struck the right

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

rear of the green 2002 Mitsubishi Diamante driven by Plaintiff Joel Hancock.

19.     At the same time and date, the green 2002 Mitsubishi Diamante driven by Plaintiff Joel Hancock spun out of control in front of the subject truck, the front of which struck the left side of the 2002 Mitsubishi Diamante before striking the center concrete median separating westbound and eastbound Interstate 70, on the left side of westbound Interstate 70, past the intersection with Route K in St. Charles County, Missouri, and the 2002 Mitsubishi Diamante continued to spin before being struck on the left side by the maroon 2000 GM Sierra pickup truck driven by Randall Baxter.

20.     At the same time and date, the subject truck driven by Defendant Grant Williams moved to the left lane, causing the left side of the subject truck to strike the right side of the towed unit behind the 2000 GM Sierra Pickup truck driven by Randall Baxter.

21.     At the same time and date, the green 2002 Mitsubishi continued to spin until the rear of the vehicle struck the concrete median separating westbound and eastbound Interstate 70, on the left side of westbound Interstate 70.

22.     As a direct and proximate result of the collision, Plaintiff Joel Hancock sustained physical injuries.

23.     On June 30, 2015, while utilizing the public roadway, Defendant Grant Williams and Defendant SRT OIL FIELD SERVICE, LLC owed to Plaintiff, Joel Hancock, a duty to operate the subject truck under their control using the highest degree of care and in a careful, prudent, and lawful manner so as to not to injure, maim or harm Plaintiff Joel Hancock.

24.     Defendant Grant Williams failed to exercise the highest degree of care and was negligent and reckless in the operation of his motor vehicle, and operated, managed, and controlled the same negligently and carelessly in one or more of the following respects, causing

Electronically Filed - St. Charles Circuit Div - August 29, 2019 - 01:59 PM

his vehicle to crash into Plaintiff's green 2002 Mitsubishi Diamante:

> (a) In failing to keep a careful lookout;
> (b) In driving too fast for conditions and circumstances;
> (c) In failing to yield the right-of-way;
> (d) In improperly changing lanes;
> (e) In failing to signal intention to change lanes;
> (f) In initiating a lane change from Lane #2 (middle) to Lane #3 (right) on westbound Interstate while a vehicle was in westbound in northbound Lane #3 (right);
> (g) In colliding with another vehicle or other vehicles;
> (h) In being distracted or inattentive to traffic around him;
> (i) In failing to stop, swerve, or slow and swerve after he knew, or by use of the highest degree of care could have known, that there was a reasonable likelihood of a collision;
> (j) In failing to keep the subject tractor-trailer under control and allowing it to travel into the right of where occupied by the vehicle operated by Plaintiff; and/ or
> (k) In operating the commercial vehicle in a fatigued and impaired condition.

25.     Defendant SRT OIL FIELD SERVICE, LLC was negligent, careless, and reckless

in at least the following respects:

> (a) In hiring Defendant Grant Williams, an individual who it knew or should have known had inadequate experience, training, knowledge and skill to safely operate and maintain the subject tractor-trailer.
> (b) In entrusting the subject tractor-trailer to an individual it knew or should have known had inadequate experience, training, knowledge and skill to safely operate the vehicle;
> (c) In entrusting the subject tractor-trailer to an individual who it knew or should have known had exhibited a pattern of negligence, incompetence and recklessness in the operation of commercial motor vehicles; and/ or
> (d) In failing to adequately train, instruct, and supervise Defendant Grant Williams concerning the safe operation of the subject tractor-trailer.

26.     Defendant Grant Williams and Defendant SRT OIL FIELD SERVICE, LLC were

negligent per se in violating certain Missouri statutes which were enacted for the benefit of

Plaintiff and others traveling on Missouri public roadways, including:

> (a) Section 304.012 RSMo which requires motor vehicle operators to exercise the highest degree of care and to drive the vehicle in a careful and prudent manner and at a rate of speed so as to not endanger the property, life, or limb of others;
> (b) Section 304.014 RSMo which requires motor vehicle operators to observe and

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

comply with the rules of the road;

(c)  49 C.F.R. Part 390 pertaining to the safe operation by a motor carrier, the training, supervision and duties of motor carriers and their employees, and to aiding and abetting violations of the rules and regulations;

(d)  49 C.F. R Section 390.3(e)(1), which requires Defendant SRT OIL FIELD SERVICE, LLC to be knowledgeable of and comply with all regulations applicable to it and requires it to instruct every driver and employee with regard to all applicable regulations;

(e)  49 C.F.R. Section 391.11 prohibiting a person from driving a commercial motor vehicle unless he/ she is qualified to driver a commercial motor vehicle.

(f)  49 C.F.4. Section 392 which prohibits the operation of a commercial motor vehicle when the operator is too ill or fatigued to driver safely; and/ or

(g)  49 C.F.R part 395 which prohibits a driver from operating a commercial motor vehicle after the driver has reached the maximum hours of service.

27.     Plaintiff Joel Hancock was within the class of persons intended to be protected by the Missouri statutes and federal regulations which were alleged to have been violated by Defendants.

28.     The injuries sustained by Plaintiff Joel Hancock were the type of injuries that the Missouri statutes and federal regulations were designed to prevent.

29.     At the time the Defendant Grant Williams was operating the subject tractor-trailer and caused this collision, he knew, or in the exercise of ordinary care should have known, that his conduct was outrageous and created a high degree of probability of injury to others and thereby showed willful and wanton disregard for the safety of others including Plaintiff Joel Hancock entitling Plaintiff to an award of punitive damages.

30.     At the time of the occurrence as alleged herein, Defendant SRT OIL FIELD SERVICE, LLC knew or in the exercise of ordinary care should have known that its conduct and that of its employees and agents was outrageous and created a high degree of probability of injury to others and thereby showed willful and wanton disregard for the safety of others including Plaintiffs Joel Hancock, and yet permitted such conduct, thereby entitling Plaintiff to an award of punitive damages.

Electronically Filed - St Charles Circuit Div - August 29, 2019 - 01:59 PM

31.     As a direct and proximate consequence of the acts, omission and conduct of the Defendants as set out herein, Plaintiff Joel Hancock, sustained physical injuries including but not limited to: head, neck, chest, abdomen, left side, left shoulder, back, pelvis, arms, right arm laceration, wrists, left elbow, left leg left knee, left tibia and fibula.

32.     As a direct and proximate consequence of the acts, omission and conduct of the Defendants as set out herein, Plaintiff Joel Hancock, has been forced to incur medical expenses in the care and treatment of his injuries and in will in the future, incur medical expenses in an amount as yet undetermined.

33.     As a direct and proximate consequent of the acts, omissions and conduct of Defendants as set out herein, Plaintiff, Joel Hancock, has experienced pain and suffering and the loss of enjoyment of life and will in the future experience pain and suffering and the loss of enjoyment of life.

WHEREFORE, Plaintiff Joel Hancock respectfully requests judgment against Defendants, jointly and severally, and each of them, acting by and through the other for such damages that a jury determines to be fair and reasonable, for both actual and punitive damages, together with pre-judgment interest, costs, in excess of $25,000, and for such other further relief as the Court deems just and proper.

**Respectfully submitted,**

**Shea Kohl Law, LC**

**_/s/ Nathan A. Steimel_**
Nathan A. Steimel
400 N. Fifth St., Ste. 200
St. Charles, MO 63301
636-946-9999  FAX: 636-946-8623
nsteimel@sheakohllaw.com